

**NUMBERS 13-05-169-CR & 13-05-170-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MARIA VERA,**                                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                    **Appellee.**

---

**On appeal from the County Court at Law of Kleberg County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

Appellant, Maria Vela, was convicted of driving while intoxicated (DWI)[1] in trial cause

number 35878-1 (appellate cause number 13-05-00169).  Appellant was also convicted

---

[1] *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).

of possessing less than two ounces of marihuana[2] in trial cause number 35878-2 (appellate cause number 13-05-00170-CR). The trial court assessed punishment for the DWI conviction, which was enhanced,[3] at 365 days' imprisonment. The term of imprisonment was suspended for one year, during which time appellant was placed on community supervision. The trial court also imposed a $350.00 fine and $328.50 in court costs. The trial court assessed punishment for the possession-of-marihuana conviction at 180 days' imprisonment. The term of imprisonment was suspended for two years, during which time appellant was placed on community supervision. The trial court also imposed a $250.00 fine. In two issues, appellant argues that (1) her convictions are supported by legally and factually insufficient evidence, and (2) her punishment is disproportionate to the seriousness of her crimes, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. We affirm.

## I. Legal & Factual Sufficiency

## A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] In a factual sufficiency review, we view the evidence in a neutral light

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (Vernon 2007).

[3] *See* TEX. PENAL CODE ANN. § 49.09(a) (Vernon 2003).

[4] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hampton v. State*, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

and ask whether a jury was rationally justified in finding guilt beyond a reasonable doubt.[5] We then determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence.[6] We will not reverse a case on a factual sufficiency challenge unless we can say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict.[7] The fact-finder is the exclusive judge of the witnesses' credibility and of the weight to be given to their testimony.[8]

## B. Trial Evidence

The State's case against appellant was built on the testimony of Kingsville Police Department Officers Henry Cantu and Herman Cantu. Officer Henry Cantu testified that on April 17, 2004, at approximately 2:20 a.m., he witnessed appellant run a stop sign while operating a motor vehicle. After appellant failed to immediately stop her vehicle in response to the flashing lights on his patrol vehicle, Officer Henry Cantu turned on his vehicle's siren. Appellant then stopped her vehicle in front of a residence, which was her home. Appellant immediately exited the vehicle and began walking towards the residence. Officer Henry Cantu interpreted appellant's conduct as an attempt to evade him; he commanded appellant to "stop," and appellant then turned around and walked towards him. He then immediately placed appellant in handcuffs and put her in the back of his

---

[5] *See Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

[6] *Id.* at 415.

[7] *Id.* at 417.

[8] *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).

3

patrol vehicle. Officer Henry Cantu testified that (1) appellant admitted to having a beer or two; (2) her speech was slightly slurred; (3) her eyes were red and bloodshot; (4) her breath smelled of alcohol; (5) she failed to give straightforward answers to questions asked; (5) he was unable to completely perform a horizontal gaze nystagmus test on appellant because he could not get her to concentrate on the tip of his pen; and (6) she refused to take a breathalyzer test. He testified that these factual observances were indicators of intoxication, and he expressed his belief that appellant was intoxicated.

Officer Henry Cantu further testified that (1) the vehicle appellant was seen operating was registered under her name; (2) a usable quantity of marihuana was found in the ashtray of her vehicle; (3) the vehicle emitted an odor of marihuana; (4) appellant stated that the marihuana belonged to a friend, and she asked for leniency in exchange for her providing the friend's name; and (5) the vehicle contained a second occupant, Daniel Trevino, who denied ownership of the marihuana. Officer Herman Cantu, who arrived on the scene shortly after appellant's vehicle was pulled over, testified that (1) he found marihuana cigarettes in appellant's vehicle, commonly referred to as "roaches"; (2) he smelled a fresh odor of burned marihuana in the vehicle; (3) the amount of marihuana was a usable quantity; and (4) appellant's hands did not smell of marihuana, which is typically an effective means of telling whether one has recently used marihuana.

Daniel Trevino, who was in appellant's vehicle at the time she was stopped by Officer Henry Cantu, testified in appellant's behalf. Trevino testified that (1) he was currently dating appellant and that he had been dating her at the time of her arrest; (2) appellant had not had anything to drink on the night in question; and (3) he did not know how the marihuana discovered by the officers came to be in appellant's vehicle. Dr. Jose

4

M. Ugarte also testified for appellant. He testified that (1) he had been appellant's medical doctor since 1993; (2) appellant suffered from systemic lupus erythematosus, fibromyalgia, and chronic depression, for which she received medication; and (3) these ailments, along with the medication required for proper treatment, can affect a person's speech and behavior.

## C. Sufficiency of Evidence Regarding DWI Conviction

In order to convict appellant of driving while intoxicated, the State had to prove beyond a reasonable doubt that appellant operated a motor vehicle in a public place while intoxicated.[9] On appeal, appellant challenges the sufficiency of the evidence proving that she was intoxicated. Under the Texas Penal Code, the term "intoxicated" means (1) "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body," or (2) "having an alcohol concentration of 0.08 or more."[10]

Viewed in a light most favorable to the verdict, we find that the aforementioned testimony of Officer Henry Cantu constitutes legally sufficient evidence of appellant's intoxication.[11] His observations regarding appellant's slurred speech, her bloodshot eyes, and an alcoholic odor on appellant's breath, all constitute evidence of intoxication,[12] as

---

[9] *See* TEX. PENAL CODE ANN. § 49.04.

[10] *Id.* § 49.01 (Vernon 2003).

[11] *See Little v. State*, 853 S.W.2d 179, 183 (Tex. App.–Corpus Christi 1993, no pet.) ("The uncorroborated testimony of an arresting officer is sufficient to prove the element of intoxication.").

[12] *Cotton v. State*, 686 S.W.2d 140, 143 n.3 (Tex. Crim. App. 1985).

does appellant's refusal to take a breathalyzer test.[13]  When viewed in a neutral light, we cannot say that the jury was not rationally justified in finding appellant guilty beyond a reasonable doubt.  The jury was free to reject Trevino's testimony that appellant did not drink on the night in question; furthermore, they were free to conclude that appellant's behavior was the product of intoxication, rather then a product of her physical ailments or medication.

## D. Sufficiency of Evidence Regarding Possession of Marihuana Conviction

In order to convict appellant of possession of marihuana, the State had to prove beyond a reasonable doubt that appellant knowingly or intentionally possessed a usable quantity of marihuana.[14]  On appeal, appellant asserts that the State did not prove that the substance found in her vehicle was marihuana.  Appellant specifically asserts that "the [S]tate never offered a lab test result indicating, in fact, that the alleged 'roaches' found in the ash tray of [her] car contained marijuana.  All that was offered by the [S]tate was the testimony of the officers as to what these 'roaches' may have contained."

In addition to Officers Henry Cantu and Herman Cantu stating that, based on their experience, they believed that the cigarettes found in appellant's vehicle contained marihuana, Officer Henry Cantu also testified that appellant openly admitted to him that the cigarettes contained marihuana.  He testified that appellant told him that the marihuana belonged to a friend, and she asked for leniency in exchange for her providing the friend's name.  Appellant never attempted to refute this testimony.  Accordingly, we find that the

---

[13] *See Hartman v. State*, 198 S.W.3d 829, 834 (Tex. App.–Corpus Christi 2006, pet. dism'd).

[14] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a).

aforementioned testimony constitutes legally and factually sufficient evidence that the substance found in appellant's possession was marihuana.

## II. Disproportionate Punishment

Texas courts have consistently held that even constitutional errors involving disproportionate sentences can be waived by failing to object at trial.[15] Here, the record reflects that appellant did not object to the imposition of punishment at trial nor did she raise the complaint in a motion for new trial.[16] Accordingly, we conclude that appellant failed to preserve this complaint for review. In any event, the punishment does not violate constitutional provisions. The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids only extreme sentences that are grossly disproportionate.[17] Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive.[18]

The punishments assessed in the instant case were within the statutorily permissible range. Thus, appellant's punishments were not grossly disproportionate to the offenses.[19] Because appellant has failed to preserve her complaint on appeal, and because her

---

[15] *See Curry v. State*, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (citing *Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994) (failure to raise Eighth Amendment objection at trial waives any such claim on appeal)); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd) (holding that failure to object to a sentence as cruel and unusual forfeits error).

[16] *See* TEX. R. APP. P. 33.1(a).

[17] *See Ewing v. California*, 538 U.S. 11, 23 (2003).

[18] *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd); *see also Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.–Corpus Christi 2004, no pet.).

[19] *See Ewing*, 538 U.S. at 23.

punishment fell within the limits prescribed by a valid statute, we overrule appellant's final issue.

### III. Conclusion

We affirm the trial court's judgments.

_____
LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 29th day of August, 2008.